UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James R. Watson, Jr.,<br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Darlington County,<br>Darlington County Sheriff's Department,<br>　　　　　　　　　Defendants. | ) C/A: 4:25-13099-SAL-TER<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

　　　　This is a civil action filed by a *pro se* litigant, proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court.

## **STANDARD OF REVIEW**

　　　　Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.* ; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).

　　　　The requirement of liberal construction does not mean that the court can ignore a clear failure

in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

Plaintiff sues "Darlington County" and "Darlington County Sheriff's Department." (ECF No. 1).

As to the county, to the extent Plaintiff seeks only monetary damages, "[c]ount[ies] ... [are] protected by the Eleventh Amendment, which bars suits by citizens against non-consenting states brought either in state or federal court." *Blakely v. Mayor of Greenville Cty.*, No. 6:12-02587-MGL, 2012 WL 6675095, at *2 (D.S.C. Sept. 25, 2012), *report and recommendation adopted*, 2012 WL 6675093 (D.S.C. Dec. 21, 2012)(citing *Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890)).

"The Darlington County Sheriff's Department is also entitled to summary dismissal. Sheriff's Departments in South Carolina are state agencies, not municipal departments." *Stephney v. Baker*, No. 8:08-cv-3290-MBS, 2009 WL 2168868, at *5 (D.S.C. July 17, 2009). Defendant "Darlington County Sheriff's Department" is immune under the Eleventh Amendment.

This action as a whole is subject to summary dismissal.

Further, Plaintiff is put on notice in the future, the court may consider enacting a prefiling injunction order against Plaintiff if he continues to file actions for which he fails to state a claim upon which relief can be granted.

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action *without prejudice and without issuance and service of process.*

|  |  |
|---|---|
| | s/Thomas E. Rogers, III |
| October 24, 2025 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).