IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James R. Watson, Jr., | C/A No. 4:25-cv-13099-SAL |
| Plaintiff, | |
| v. | **ORDER** |
| Darlington County, Darlington County Sheriff's Department, | |
| Defendants. | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 10.] In the Report, the magistrate judge recommends summarily dismissing this matter. *Id.* at 1–2. Plaintiff objects to this recommendation. *See* ECF No. 12. For the reasons below, the court adopts the Report and summarily dismisses the case.

**REVIEW OF A MAGISTRATE JUDGE'S REPORT**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616,

1

622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts sufficient to state a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report outlines the relevant facts and standards of law. [ECF No. 10.] Plaintiff filed this suit alleging he was arrested by officers of the Darlington County Sheriff's Department in September 2023 and charged with misprision of a felony. [ECF No. 1 at 1.] He was indicted by a grand jury in October 2023, but the charge was nolle prossed in November 2023. *Id.* Plaintiff brings this action under 42 U.S.C. § 1983. *Id.* He alleges Defendants violated his Fourth and Fourteenth Amendment rights, and he further claims false imprisonment and negligence. *Id.* at 1–2. He seeks over $200,000 in damages. *Id.* at 2.

The magistrate judge recommends summary dismissal. The Report explains that the Eleventh Amendment bars Plaintiff's suit for damages against the county. [ECF No. 10 at 2.] Further, the Darlington County Sheriff's Department is immune under the Eleventh Amendment. *Id.* Accordingly, this case is subject to summary dismissal in its entirety.

Plaintiff objects, arguing his complaint alleges acts by individuals—local officials and employees of the county and its sheriff's department—not by arms of the State. [ECF No. 12 at 1.] But Plaintiff has not named any individuals or described their involvement in his case. Plaintiff asks that he be given the opportunity to amend his complaint, but he offers no proposed amended complaint. For the reasons outlined in the Report, the court agrees this case is subject to summary dismissal.

## CONCLUSION

The Report, ECF No. 10, is adopted and incorporated. As a result, this action is **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. Out of an abundance of caution, the court will permit Plaintiff to file an amended complaint within 14 days, and, if the amended complaint is not subject to summary dismissal, this case will be reopened and recommitted to the magistrate judge if appropriate.

**IT IS SO ORDERED.**

November 12, 2025　　　　　　　　　　　　　Sherri A. Lydon
Columbia, South Carolina　　　　　　　　　United States District Judge

3